**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 2 0 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

   - against -

ROOLS DESLOUCHES,

          Defendant.

- - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

12 CR 422

(Feuerstein, J.)

WHEREAS, on November 20, 2013, ROOLS DESLOUCHES (the "Defendant") pleaded guilty to Count One of the above-captioned indictment, charging a violation of 21 U.S.C. § 841(a); and

WHEREAS, the Defendant agreed to the entry of an order forfeiting all of his right, title and interest in the following: (a) The sum of ninety-nine thousand eight hundred fifty-one dollars and one cent ($99,851.01) in United States Currency seized on or about June 6, 2012 from J.P. Morgan Chase Investment, account number ending in 5260, held in the name of Rools Deslouches, and all proceeds traceable thereto; (b) The sum of sixty-three thousand eight hundred twenty-two dollars and twenty-six cents ($63,822.26) in United States Currency seized on or about June 13, 2012 from Bank of America, account number ending in 8514, held in the name of Rools Deslouches, and all proceeds traceable thereto; (c) One thousand four hundred and sixty dollars and no cents ($1,460.00) in United States currency seized from the Defendant on or about June 6, 2012; and (d) Four

thousand five hundred and forty-six dollars and no cents ($4,546.00) in United States currency seized from the Defendant on or about June 6, 2012 (collectively referred to as the "Forfeited Assets"), pursuant to 21 U.S.C. §§ 853(a) and 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

1.     The Defendant shall forfeit all of his right, title and interest in the Forfeited Assets pursuant to 21 U.S.C. § 853(a), as property which constitutes, or is derived from, proceeds obtained, directly or indirectly, as the result of the Defendant's violation of 21 U.S.C. § 841(a), or as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or as substitute assets as defined in 21 U.S.C. § 853(p).

2.     Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to seize the Forfeited Funds and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.     The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district on the government's website located at

*U.S. v. Rools Deslouches, 12-cr-0422, Preliminary Order of Forfeiture*

http://www.forfeiture.gov of its intent to dispose of Forfeited
Assets in such a manner as the Attorney General or his designee may
direct. The United States may, to the extent practicable, provide
direct written notice to any person known or alleged to have an
interest in the Forfeited Assets as a substitute for published notice
as to those persons so notified.

4. The Defendant knowingly and voluntarily waives his
right to any required notice concerning the forfeiture of the
Forfeited Assets. In addition, the Defendant knowingly and
voluntarily waives his right, if any, to a jury trial on the
forfeiture of the Forfeited Assets, and waives all constitutional,
legal and equitable defenses to the forfeiture of the Forfeited
Funds, including, but not limited to, any defenses based on
principles of double jeopardy, the Ex Post Facto clause of the
Constitution, the statute of limitations, venue, or any defense under
the Eighth Amendment, including a claim of excessive fines.

5. Any person, other than the Defendant, asserting a
legal interest in the Forfeited Assets may, within thirty (30) days
of the final publication of notice or receipt of notice, whichever
is earlier, petition the Court for a hearing without a jury to
adjudicate the validity of the Order of Forfeiture, pursuant to 21
U.S.C. § 853(n)(6). Any petition filed in response to notice of the
forfeiture of the Forfeited Assets must be signed by the petitioner

under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets, the Defendant will assist the government in defending such claim. If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the Defendant up to the value of the Forfeited Assets not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Assets. The forfeiture of the Forfeited Assets shall not to be considered a payment of a fine, penalty, restitution loss amount, or of any income

taxes that may be due, and shall survive bankruptcy.

7.     The United States shall have clear title to the Forfeited Funds identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8.     Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9.     This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10.     The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim.

*U.S. v. Rools Deslouches, 12-cr-0422, Preliminary Order of Forfeiture*

P. 32.2(e).

      11.  The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
      November ___, 2013

                     s/ Sandra J. Feuerstein

                _____
                HONORABLE SANDRA J. FEUERSTEIN
                UNITED STATES DISTRICT JUDGE